IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRENDA WONG, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| v. § | CIVIL ACTION NO. H-21-4169 |
| § | |
| MAGIC MONEY, LLC, *et al.*, § | |
| § | |
| Defendants. § | |

**ORDER OF PRELIMINARY APPROVAL
CERTIFICATION OF A SETTLEMENT CLASS, PUBLISHING OF NOTICE,
AND SCHEDULING OF A FINAL FAIRNESS HEARING**

The plaintiffs filed this putative class action seeking refunds for tickets bought for the second day of the 2021 Astroworld Festival, which was cancelled due to mass casualties that occurred on the first day of the festival.

The plaintiffs have filed an unopposed motion that requests the following: (i) preliminarily certifying a class for the purposes of settlement only under Rule 23 of the Federal Rules of Civil Procedure; (ii) preliminarily approving, pursuant to Rule 23(e), the proposed settlement set forth in the Settlement Agreement dated April 12, 2023, and attached as Exhibit A of the motion; (iii) appointing Representative Plaintiffs for the Settlement Class; (iv) appointing Derek H. Potts, Potts Law Firm, LLP as Settlement Class Counsel; (v) approving the Summary Notice, Banner, Detailed Notice, and Press Release attached as Exhibits B, C, D, and E to the Motion, respectively. (Docket Entry No. 72 and corresponding attachments).

The court held a preliminary fairness hearing on July 27, 2023. (Docket Entry No. 76). Based on the Settlement Agreement, the motion for preliminary approval of the settlement and the supporting brief, the arguments of counsel, Rule 23, and the applicable law, the court grants the

motion for preliminary approval, (Docket Entry No. 72), and the unopposed motion for reconsideration of the court's minute order regarding notice, (Docket Entry No. 74). This order does not finally approve of the fairness, reasonableness, or adequacy of the settlement. Those issues are to be determined at a final fairness hearing. Instead, this order is based on the determination that it is appropriate to communicate the proposed settlement to the class members using the notice scheme outlined by the parties.

The court issues the following findings and orders:

1. The Settlement Class is defined as:

   All Persons who purchased Magic Money for the Astroworld Festival 2021 and were not issued a chargeback or refund for the Magic Money transaction. Excluded from the definition of Settlement Class are Defendants and their officers and directors, and those Persons who timely and validly request exclusion from the Settlement Class.

"Person" has the same definition as it does in the Settlement Agreement. As provided for in the Settlement Agreement, if the settlement is not approved by the court or is terminated or cancelled under the terms of the Settlement Agreement, then the Settlement Agreement and the certification of the Settlement Class will be vacated, and the litigation will proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of class certification or any other issue.

2. The court finds, based on the terms in the Settlement Agreement, that:

   (a) The Settlement Class is so numerous that joinder of all members is impracticable.

   (b) There are questions of law and fact common to the Settlement Class.

   (c) The claims of Representative Plaintiffs are typical of the claims of Settlement Class members.

  (d) Representative Plaintiffs and Settlement Class Counsel will fairly and adequately represent the interests of the Settlement Class. There are no conflicts of interest between Representative Plaintiffs and Settlement Class members.

  (e) Questions of law and fact common to Settlement Class members predominate over any questions affecting only individual Settlement Class members.

  (f) Certification of the Settlement Class is superior to other methods for the fair and efficient adjudication of this controversy.

3. Having made these preliminary findings, the court certifies the Settlement Class, for settlement purposes only, under Rule 23 of the Federal Rules of Civil Procedure.

4. The court preliminarily approves the proposed settlement set forth in the Settlement Agreement as fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil Procedure and under the Class Action Fairness Act of 2005 ("CAFA"), subject to final consideration at the Final Fairness Hearing provided for below.

5. Brenda Wong, Parker Jerrell, Jose Box, and Amber Palmer are appointed as Representative Plaintiffs for the Settlement Class.

6. Derek H. Potts, Potts Law Firm, LLP, is appointed as Settlement Class Counsel.

7. A Final Fairness Hearing will be held on December 1, 2023, at 10:00 a.m. in Courtroom 11-B, United States Courthouse, 515 Rusk, Houston, Texas, to determine: (a) whether the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class; (b) whether a judgment, as provided in the Settlement Agreement, should be entered granting final approval of the settlement; (c) whether, and in what amount, attorney fees, costs, and expenses should be awarded to Settlement Class Counsel; (d) whether, and in what amount, attorney fees, costs, and expenses should be awarded to First Data; and (e) whether, and in what amount, incentive awards should be awarded to Representative Plaintiffs.

The court may adjourn or continue the Final Fairness Hearing without further notice to Settlement Class members.

8. The court approves the form and content of the Summary Notice, Banner, Detailed Notice, and Press Release in the forms attached as Exhibits B, C, D, and E to the Motion, respectively.

9. Summary Notices will be distributed to those Settlement Class members with known email addresses. Notice will also be published in the Houston Chronicle on three separate days. Settlement Class Counsel will publish the Press Release, for distribution in Texas, and establish a settlement website, with access to the Settlement Agreement and the notices, and will maintain and update the website as necessary. The notices and notice process approved by the court may be adjusted by Settlement Class Counsel, in consultation and agreement with the defendants, consistent with the court's approval.

10. The court finds that the publication and availability of the notice in the matter outlined above is the best notice practicable under the circumstances and constitutes due and sufficient notice of this order to all persons entitled to receive it complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure, applicable law, and due process.

11. No later than September 15, 2023, the Settling Parties will file with the court one or more declarations stating that, in accordance with the terms of this Order, the appropriate notices were distributed, published, and made available on the settlement website.

12. The defendants must comply with the obligation to give notice under CAFA, 28 U.S.C. § 1715, in connection with the proposed settlement. No later than September 15, 2023, the

defendants will file with the court one or more declarations stating that the defendants have complied with the notice obligations under 28 U.S.C. § 1715.

13.     Each person wishing to opt-out of the Settlement Class must individually sign and timely submit a written notice of such intent to Settlement Class Counsel, as set forth in the Settlement Agreement and Detailed Notice.  The written notice must clearly manifest an intent to be excluded from the Settlement Class.  To be effective, written notice must be postmarked or timestamped by October 15, 2023.  Settlement Class Counsel must furnish to the defendants a complete list of all timely and valid notices (an opt-out list) by October 23, 2023.

14.     All persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class will be bound by the terms of the Settlement Agreement, the subsequent judgment, and all orders entered by the court in connection with the Settlement Agreement.  All persons who submit valid and timely notices of their intent to be excluded from the Settlement Class will neither receive any benefits of, nor be bound by, the terms of the Settlement Agreement.

15.     Settlement Class members who qualify for and wish to submit a claim under the settlement must do so in accordance with the requirements and procedures of the Settlement Agreement. All Settlement Class members who qualify for any benefit under the settlement as to which a claim or dispute is required but fail to submit a claim or dispute in accordance with the requirements and procedures of the Settlement Agreement will be forever barred from receiving any such benefit but will in all other respects be subject to and bound by the provisions of the Settlement Agreement, the releases, and the judgment.

16.     Each Settlement Class member desiring to object to the settlement must submit a timely written notice of objection by October 15, 2023.  The notice must state:

(a) the objector's full name, address, telephone number, and email address;

(b) information identifying the objector as a Settlement Class member, including (i) proof that the objector is a Settlement Class member (e.g., proof of each Magic Money purchase for which a refund or reimbursement is sought, including the amount of each purchase and the payment type and account number used for each Money purchase), or (ii) an affidavit setting forth in as much detail as can reasonably be provided information on each Magic Money purchase for which a refund or reimbursement is sought;

(c) a written statement of all grounds for the objection, accompanied by any legal support for the objection;

(d) the identity of all counsel representing the objector;

(e) the identity of all counsel representing the objector who will appear at the Final Fairness Hearing;

(f) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection;

(g) a statement confirming whether the objector intends to personally appear or testify at the Final Fairness Hearing; and

(h) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation).

To be an effective objection, such notice must also identify, by case name, court, and docket number, all other cases in which the objector (directly or through counsel) or the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement or has been a named plaintiff in any class action or served as class counsel.

To be timely, the written notice of an objection in appropriate form must be filed with the Clerk of the United States District Court for the Southern District of Texas, P.O. Box 61010, Houston, Texas 77208, by October 15, 2023, and served concurrently upon Settlement Class

Counsel (Derek H. Potts, 3737 Buffalo Speedway, Suite 1900, Houston, Texas 77098), and counsels for Defendant Live Nation (Robert Rivera, Jr., 1000 Louisiana Street, Suite 5100, Houston, Texas 77002), Defendant Magic Money (Robert Scott, 717 Texas Avenue, Suite 1400, Houston, Texas 77002), and Defendant Ceremony of Roses (Katie Pierucci, 9601 Wilshire, 7th Floor, Beverly Hills, California 90210).

17. All discovery and pretrial proceedings in this litigation, other than any discovery requested or court ordered, are stayed and suspended until further order of the court.

18. Pending the final determination of the fairness, reasonableness, and adequacy of the settlement set forth in the Settlement Agreement, no Settlement Class member, either directly, representatively, or in any other capacity, may institute, commence, or prosecute any of the Released Claims in any action or proceeding in any court or tribunal.

19. Neither the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement: (a) is, may be deemed to be, or may be used as an admission or evidence of the validity or invalidity of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (b) is, may be deemed to be, or may be used as an admission or evidence of any fault or omission of any of the Released Persons, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

20. Nothing in the Settlement Agreement may be construed as any release of or limitation on the ability of Representative Plaintiffs and Settlement Class members, who have consented to and joined in the settlement, to pursue a claim for personal injuries or other injuries or damages not pertaining to Magic Money purchases for the Astroworld Festival 2021.

**21.** In the event the court does not grant final approval of the Settlement Agreement or the settlement is otherwise terminated in accordance with its terms, (a) the Settling Parties will be restored to their respective positions in the litigation and will jointly request that all litigation deadlines be reasonably set by the court so as to avoid prejudice and (b) the terms and provisions of the Settlement Agreement will have no further force and effect with respect to the Settling Parties and will not be used in the litigation or in any other proceeding for any purpose, and any judgment or order entered by the court in accordance with the terms of the Settlement Agreement will be treated as vacated.

SIGNED on July 28, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge