United States District Court
Southern District of Texas
**ENTERED**
December 06, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENDA WONG, PARKER JERRELL, JOSE BOX, AMBER PALMER, Individually and on Behalf of all Others Similarly Situated, | § § § § § § | |
| *Plaintiffs,* | § § | CASE NO. 4:21-cv-04169 |
| v. | § § | |
| MAGIC MONEY LLC, SCOREMORE HOLDINGS, LLC, LIVE NATION WORLDWIDE, INC., LIVE NATION ENTERTAINMENT, INC., CEREMONY OF ROSES, LLC, and COR MERCHANDISING, LLC, | § § § § § § § § | |
| *Defendants.* | § | |

## JUDGMENT

Representative Plaintiffs, individually and on behalf of the Settlement Class, and Defendants entered into a Settlement Agreement dated April 11, 2023 (the "Settlement Agreement").

On July 28, 2023, the Court entered an Order that, among other things, (a) certified the Settlement Class, for settlement purposes only, under Rule 23 of the Federal Rules of Civil Procedure; (b) approved the form and content of the notice to the Settlement class, and the method of publication; (c) directed the appropriate notice of the settlement to be distributed to the Settlement Class Members; and (d) set a hearing date for the final approval of the settlement. *See* Dkt. 77.

The notice to the Settlement Class ordered by the Court in its July 28, 2023 Order has been provided, as attested to in the Declaration of Derek H. Potts, filed with the Court on September 15,

2023. *See* Dkt. 82. The governmental notice required by CAFA, 28 U.S.C. § 1715, has been provided, as attested to in the Declaration of Kyle S. Bingham, filed with the Courton September 14, 2023. *See* Dkt. 81.

On December 1, 2023, a hearing was held on whether the settlement set forth in the Settlement Agreement was fair, reasonable, adequate, and in the best interests of the Settlement Class; whether a judgment, as provided in the Settlement Agreement, should be entered granting final approval of the settlement; and whether and in what amount (1) attorney fees, costs, and expenses should be awarded to Settlement Class Counsel and (2) incentive awards should be awarded to Representative Plaintiffs. The hearing was an appropriate number of days after notice to the Settlement Class was distributed and the requisite number of days after governmental notice was complied with.

Having reviewed and considered the submissions presented with respect to the settlement set forth in the Settlement Agreement, the record in this proceeding, having heard and considered the arguments of counsels, having determined that the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class, and noting that, as set forth in Paragraph 7.4 in the Settlement Agreement, that the amount of attorney fees, costs, and expenses, and Representative Plaintiffs' incentive awards is intended to be considered by the Court separately from whether final approval should be given to the settlement set forth in the Settlement Agreement,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Court incorporates by reference the definitions set forth in the Settlement Agreement.

2. The form, content, and methods of distribution and publication of the notice given

to the Settlement Class was the best notice practicable under the circumstances and constituted due and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all Persons entitled to receive it, and said notice fully complies with requirements of Rule 23 of the Federal Rules of Civil Procedure, applicable law, and due process.

3.  Pursuant to the Settlement Agreement and this Court's Order, for the purpose of settling the Released Claims against the Released Persons, the Settlement Class is defined as:

> all Persons who purchased Magic Money for the Astroworld Festival 2021 and were not issued a chargeback or refund for the Magic Money transaction. Excluded from the definition of Settlement Class are Defendants and their officers and directors, and those Persons who timely and validly request exclusion from the Settlement Class.

4.  Representative Plaintiffs and Settlement Class Counsel fairly and adequately represented the interests of the Settlement Class.

5.  Considering there were no objections to the settlement as set forth in the Settlement Agreement, the settlement set forth in the Settlement Agreement is fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil Procedure and under the Class Action Fairness Act of 2005, and the Court grants final approval of the settlement as set forth in the Settlement Agreement.

6.  Representative Plaintiffs, Settlement Class Members, and Defendants shall consummate the settlement according to the terms of the Settlement Agreement. The Settlement Agreement, and each and every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

9.  The Litigation and Released Claims are hereby finally and fully compromised, settled, and released, and the Litigation is dismissed with prejudice as to all Settling Parties upon and subject to the terms of the Settlement Agreement.

10. Each Released Person shall be deemed conclusively to have fully, finally, and forever released, relinquished, and discharged all Released Claims. Each Released Person shall either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action (other than participation in the settlement) in which any of the Released Claims are asserted.

11. Defendants shall be deemed conclusively to have fully, finally, and forever released, relinquished, and discharged Representative Plaintiffs, Settlement Class Members, and Settlement Class Counsel, who have consented to and joined in the settlement, from all Claims based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or Released Claims.

12. Defendants and Representative Plaintiffs, Settlement Class Members, and Settlement Class Counsel, who have consented to and joined in the settlement, shall not have released, relinquished, or discharged any Claims relating to the enforcement of the Settlement Agreement.

13. Defendants shall not have released, relinquished, or discharged any Claim or defense against any Person other than Representative Plaintiffs, Settlement Class Members, and Settlement Class Counsel, who have consented to and joined in the settlement.

14. Neither this Judgment, the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement: (a) is, may be deemed to be, or may be used as an admission or evidence of the validity or invalidity of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (b) is, may be deemed to be, or may be used as an admission or

evidence of any fault or omission of any of the Released Persons, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Any of the Released Persons may file the Settlement Agreement and Judgment in any action that may be brought in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. The Court has reviewed the attorney fees, costs, and expenses proposed by Settlement Class Counsel and awards attorney fees in the amount of $78,725.00, and costs and expenses in the amount of $7,200.00. Further, the Court awards incentive awards in the amount of $200.00 to each Representative Plaintiff. Within twenty (20) days of this Judgment, Defendant Live Nation shall remit payment for the attorney fees, costs, and expenses, and Representative Plaintiffs' incentive awards, to Settlement Class Counsel, per Paragraph 7.3 of the Settlement Agreement.

15. The Settling Parties have stipulated, and the Court has determined that the Court's decision to grant final approval of the settlement set forth in the Settlement Agreement is separate from any order modifying or reversing any attorney fee award.

16. Without affecting the finality of the Judgment in any way, this Court retains continuing jurisdiction over the Settling Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlement Agreement.

17. In the event the Effective Date does not occur, the Settlement Agreement and the certification of the Settlement Class will be vacated, and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of class certification or any other issue.

SO ORDERED this 1st day of December 2023.

_____
Judge Lee H. Rosenthal
United States District Judge